MYERS-GOLDBERG NECKWEAR COMPANY, Respondent, v. MORRIS GROSSMAN, Appellant.

St. Louis Court of Appeals, November 12, 1912.

DAMAGES: Employment Contract: Damages for Breach: Liquidated Damages or Penalty. A provision of an employment contract, made to secure the personal services of an employee, on account of his peculiar skill and special qualifications for the work, that if he should quit before the expiration of the term of one year, he should forfeit $250 to his employer as liquidated damages, was not a provision for a penalty, but was an enforceable provision for liquidated damages.

Appeal from St. Louis City Circuit Court.—*Hon*. *George H. Williams,* Judge.

AFFIRMED.

*A. A. Paxson* for appellant.

(1) The main point is whether the stipulation in the contract for a forfeiture in case of a breach shall

be construed as liquidated damages or as a penalty. Thompson v. St. Charles Co., 227 Mo. 220; Basye v. Ambrose, 28 Mo. 39; Hammer v. Briedenbach, 31 Mo. 49; Morse v. Rathburn, 42 Mo. 594; Long v. Towl, 42 Mo. 545; Hamaker v. Schroers, 49 Mo. 406; May v. Crawford, 142 Mo. 390; May v. Crawford, 150 Mo. 504; Cochran v. Railroad, 113 Mo. 359; Boulware v. Crohn, 122 Mo. App. 571; Menges v. Piano Co., 96 Mo. App. 283; Railroad v. Stone Co., 90 Mo. App. 171; Tinkham v. Satori, 44 Mo. App. 659. (2) The amount of the damages claimed is out of proportion to the breach alleged. Gower v. Saltmarsh, 11 Mo. 271; Long v. Towl, 42 Mo. 545; Moore v. Platte Co., 8 Mo. 467; Potter v. McPherson, 61 Mo. 240; Morse v. Rathburn, 42 Mo. 594; Morse v. Rathburn, 97 Am. Dec. 359.

*Thos. E. Mulvihill* for respondent.

(1) The only question in this case worthy of serious consideration is whether the clause or stipulation in the contract in the event of its breach, as therein set forth, shall be considered as an agreement for liquidated damages or be denominated a penalty. The canons of construction applied by the courts to this particular question are not arbitrary, nor has any respectable court assumed to deny to parties competent the right to make their own contracts. It is generally conceded that each case is to be determined upon its own facts; the one controlling factor is to get at the real intendment of the parties as gathered not only from their language, but from the subject-matter and the results to be attained. Cochran v. Railroad, 113 Mo. 362; Morse v. Rathburn, 42 Mo. 594; Thompson v. St. Charles Co., 227 Mo. 220; Railroad v. Stone Co., 90 Mo. App. 171; May v. Crawford, 150 Mo. 504. (2) The amount agreed upon is not grossly unreasonable or shockingly disproportionate to what the parties might fairly have presumed the actual damage would

be; even though it be admitted that the contract is a hard one, courts cannot relieve parties of a hard contract merely because it is hard; mere improvidence does not of itself afford a sufficient ground for relief. Lime & Cement Co. v. Bank, 158 Mo. 281; Railroad v. Stone Co., 90 Mo. App. 180; Morse v. Rathburn, 42 Mo. 594. (3) If actual damages cannot be calculated with any degree of certainty, or are not susceptible of definite ascertainment and the intention of the parties is plain and palapable, and the amount is not disproportionate to the probable damages, the court will construe the amount to be liquidated damages. Railroad v. Stone Co., 90 Mo. 171; May v. Crawford, 150 Mo. 504.

REYNOLDS, P. J.—Plaintiff instituted this action before a justice of the peace, filing a statement of its cause of action, in which statement the contract between it and defendant, appellant here, is set out in full. Summarizing, plaintiff, designated as the party of the first part, and defendant, designated as the party of the second part, premise that the party of the first part, for and in consideration of the promises and obligations of the party of the second part, employs the party of the second part for a period of one year from January 7, 1910, and ending January 7, 1911. In consideration of the employment, the party of the second part obligated and bound himself to devote all his time and best endeavors to the interest of the party of the first part, the party of the second part to work under the direction and to the satisfaction of the party of the first part and to perform such work as the party of the first part should direct, such work including the duty of machine operation and such work as the party of the first part should deem proper. As compensation to the party of the second part for the services to be performed by him, the party of the first part agreed

to pay a weekly salary of twenty-seven dollars, commencing the 7th of January, 1910. Then follows this provision: ''In case said second party shall fail, or refuse to comply with the duties here undertaken by him or shall sever his connections with said party of the first part, without its consent, before the expiration of said year, then said second party shall forfeit to said first party as liquidated damages the sum of $250, to be paid in cash to the party of the first part.''

The contract further provides for the working hours and days in different months, for the payment of overtime, for the allowance of holidays and supper money, and ''in the event of serious illness or death in the family of said second party, the party of the first part agrees to permit said party of the second part to absent himself for a period of two weeks.'' This contract was signed by the several parties. The statement, alleging performance on its part by plaintiff of all the terms of the contract, avers that after the making of it, defendant, without just cause and in direct violation of the contract, withdrew from the services and quit the employment of plaintiff against its consent before the 7th of January, 1911, thereby committing a breach of his contract by reason whereof plaintiff claims defendant is indebted to it in the penalty of the contract, $250, to be paid by defendant to plaintiff as liquidated damages as stipulated in the contract. Judgment is demanded for this sum.

We are not directly advised by the abstract as to the result of the trail before the justice of the peace, but apparently plaintiff recovered there and defendant appealed, executing an appeal bond in due form which was approved. The case coming on for trial before the circuit court, a jury being waived, the court at the conclusion of the trial refusing certain declarations of law asked by defendant, found for plaintiff and rendered judgment against defendant and his

surety in the sum of $250 and costs. Filing his motion for a new trial and saving exceptions to that being overruled, defendant has duly perfected his appeal to this court.

Learned counsel for appellant makes four points for a reversal. First, whether the justice of the peace or the circuit court obtained jurisdiction because the written instrument, which is the basis of the action, was never filed with either court as required by the statute, referring to section 7412, Revised Statutes 1909. As neither counsel make any very serious argument over this proposition, it is not necessary to determine it and we pass it *sub silentio.*

The second point, and which learned counsel for appellant says is the main point, is whether the stipulation in the contract for a forfeiture in case of a breach shall be construed as liquidated damages or as a penalty.

Arguing that it is a penalty and not liquidated damages, the third assignment is, that the amount of the damages claimed is out of proportion to the breach alleged.

In the view which we take of the case, it is not necessary to go into a discussion of this third proposition, for it falls to the ground if it is held that the second proposition in the case must be decided against appellant.

It is argued as the main point in the case that the court below erred in construing the contested clause in the contract to be as for liquilated damages and not as a penalty. That the court did so construe it is evident by the refusal of the declarations of law asked by defendant, to the effect that that was the meaning of the contract.

Learned counsel for appellant as well as for respondent, in support of their several contentions, rely on the decision of our Supreme Court in Thompson v.

St. Charles County, 227 Mo. 220, 126 S. W. 1040. Other authorities are cited by the several counsel in support of their contentions, but we agree with counsel for appellant, that the decision in Thompson v. St. Charles County covers the law so thoroughly and so completely that it is idle to go outside of that and the authorities therein cited for light on this question as to whether, when damages are provided for and are stated to be liquidated, in point of fact they are to be considered by the court as liquidated damages or a mere penalty. As said by Judge LAMM, in the Thompson case, supra, his discussion of this proposition commencing at page 235, it is "a much vexed question upon which courts have been unable to hold a voice even and harmonious, viz.: that of 'penalty' as over against 'liquidated damages.'" In the Thompson case the court, considering the testimony in it, and on that arriving at the intention of the parties, concludes that the amount stated in that contract as a *per diem* deduction for each day of default in completing the building for the county, was to be construed as liquidated damages.

Examining the testimony in this case as set out in the abstract, we have come to the same conclusion. It is evident from that testimony that the employment of defendant under this contract by plaintiff was not the mere employment of a day laborer or of any one that could be found competent to do the work, but that the underlying thought of plaintiff in making this bargain with defendant was to secure defendant's individual, personal, services. The defendant at one time had been a stockholder in the plaintiff corporation, which was a small concern composed of Messrs. Myers and Goldberg, their wives and of this defendant. The defendant had $400 in stock in the concern. He became uneasy about the investment and the probable success of the concern and sold his stock to two of the members

of the concern, was paid par for it, and thereupon the corporation entered into this contract set out with defendant. It further appears that defendant was a skilled operator in the making of the articles, in the manufacture of which the company was engaged, and furthermore was possessed of the requisite mechanical skill to be able to keep the machines used in the process of the work in order. In other words, he was a person thoroughly skilled in the practical details of this particular line of work. While it is plain from the evidence that plaintiff could have gone out and hired other men or hands to work for it, it nowhere appears that the persons so hired would have met the particular requirements thought to be possessed by defendant in this employment. In short, this contract provides for the personal skill, the personal services of this defendant; the corporation desired him, employed him, on account of his peculiar skill, not merely because he could run a machine, but because he was specially qualified for the work. It wanted him, not some one else. The penalty for the breach of the contract was put in with the full knowledge and consent of this defendant. He knew that if he threw up the employment he incurred the penalty. There was no compulsion used to secure his consent, no fraud practiced in procuring the contract. Under the contract plaintiff was entitled to the services of defendant for the term specified and for failure to give which defendant had lawfully contracted that he would forfeit to plaintiff as liquidated damages the sum of $250. Entering into this contract on the 7th of January, 1910, defendant quit the employment of plaintiff on the 26th day of the following February, without any excuse whatever, without any pretense of any violation or nonperformance of the contract on the part of plaintiff, and apparently for the sole reason that he was offered employment at a higher rate by another concern. This

is the substance of the testimony in the case and it was on this testimony that the learned trial court refused the declarations of law asked by defendant, to the effect that this was a penalty and not liquidated damages. We think that his action in the premises was correct. The judgment of the circuit court should be, and it is hereby affirmed. *Nortoni* and *Caulfield, JJ.,* concur.